IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-00752-PSF-MJW

MERRICK & COMPANY, a Colorado corporation )
)
Plaintiff, )
)
v. )
)
NORTH WEST GEOMATICS LTD., a Canadian )
Corporation, )
)
Defendant. )

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**
( Docket No. 13 )

Plaintiff, Merrick & Company ("Merrick") and Defendant North West Geomatics Ltd. ("NWG"), by and through their respective counsel of record, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential or Proprietary Information (as hereinafter defined). The terms of the Order agreed upon by the parties and which the parties jointly request the Court to enter are as follows:

**ORDER**

IT IS HEREBY ORDERED THAT:

1. (a) The parties hereto recognize that some of the information, documents, and

1

other things that may be discoverable or required to be disclosed under the Federal Rules of Civil Procedure in this action might allegedly include trade secret or other confidential information or proprietary business or commercial information of the party from which discovery is sought, the public disclosure of which could be competitively harmful. The parties may produce such information, documents, and other things allegedly containing trade secret or other confidential information or proprietary business or commercial information under the Federal Rules of Civil Procedure subject to this Stipulated Protective Order Regarding Confidentiality.

(b) The parties agree that limitations on the disclosure and use of such confidential information, documents, and other things are desirable for the orderly conduct of discovery in this action, while at the same time providing protection from the misuse of each party's confidential information, documents, and other things.

2. "Confidential or Proprietary Information" (also referred to as "Confidential Information" and "Protected Documents or Information" in this Order) means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom -- not made available to the public -- and designated by one of the Parties in the manner provided herein as containing Confidential or Proprietary Information.

3. All Confidential and Proprietary Information produced by a party (the "Producing Party) shall be held by the receiving party ("Receiving Party") in confidence and used solely for the purpose of this case. Each party shall exercise good faith diligence to prevent the disclosure of Confidential Information produced to it by the other, or the use of such information for any

2

purpose other than the purposes permitted under this Order. Persons who receive Confidential or Proprietary Information from a Producing Party shall hold Confidential or Proprietary Information in confidence and shall not divulge the Confidential or Proprietary Information either verbally or in writing to any other person, entity, or government agency or to use such Confidential or Proprietary Information for any purpose other than as required in connection with this case, unless authorized to do so by the terms of this Protective Order or otherwise by Court order.

4.  All Confidential and Proprietary Information produced by a Producing Party together with all copies thereof made by the Receiving Party or any person receiving such information from the Receiving Party and still in existence at the conclusion of the case shall be (a) returned to the Producing Party or (b) be destroyed by the Receiving Party at the conclusion of the case. It shall constitute sufficient evidence of destruction of electronic files maintained on the hard drive of a computer by counsel for a party if the counsel in possession of such files deletes such files from any hard drive upon which such files were stored, even though the electronic files may be recoverable through extraordinary means notwithstanding such deletion. Destruction of paper files shall be accomplished by shredding. Confirmation of actual destruction of any confidential and proprietary electronic files delivered to any person other than counsel for a party shall be required. Notwithstanding the foregoing, counsel for each party may retain one archival copy of trial, hearing, and deposition transcripts and exhibits, one archival copy of every pleading or other document submitted to the Court, and one archival copy of any order, judgment, or other document issued by the Court, and counsel for each party may also

retain its own documents that are work product or subject to attorney-client privilege.

5. Where information is produced, provided or otherwise disclosed by a party and such party desires to designate such information as Confidential and Proprietary, it will be designated in the following manner:

   (a) By imprinting the word "Confidential" on each page of any document produced;

   (b) By imprinting the word "Confidential" next to or above any response to a discovery request;

   (c) By imprinting the words "Confidential and Privileged" upon any media in which electronic documents are conveyed by a Producing Party to a Receiving Party; and

   (d) With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty (20) calendar days after receipt of the transcribed testimony; or

   (e) By such other means of identification as the parties may approve in writing.

The confidential designations shall be made by the parties in good faith.

6. It shall be the responsibility of each party to advise all persons, including counsel of record and expert(s), shown or given any information designated as Confidential and Proprietary as provided in this Order, and they shall be bound thereby. Furthermore, with the exception of parties and regularly engaged employees of corporate parties, counsel of record, attorneys within the law firms of such counsel, and secretaries and paralegals of counsel of record, all persons shown or given any designated information (including both testifying and consulting experts) shall previously sign an undertaking in the form attached hereto as Exhibit A.

7. This Order shall not expand nor limit the rights of any party, during the course of discovery, either (1) to demand additional information on any ground, or (2) to object or withhold additional information or documentation on any ground except confidentiality. Subject to the Producing Party seeking relief from the Court as provided in paragraph 10 below, it shall not inhibit the dissemination or use of any designated information if that information has been or is obtained by the Receiving Party (1) from sources which are public or (2) from sources other than the Producing Party under circumstances that place no restriction on the use or disclosure of the information by the Receiving Party. Nothing in this Order or in any party's compliance with its provisions shall be construed to preclude a Receiving Party from seeking and obtaining the same or other information by discovery request or judicial process in this or any other action.

8. In the event any designated information is used in any proceeding herein, it shall not lose its designated status through such use, and the parties shall take all steps reasonably required to protect such confidentiality against misuse. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly herein provided respecting designations, shall not relieve any party of the obligation of producing information in the course of discovery.

9. Maintenance of the confidential status of any such designated information shall in all cases be subject to further order of this Court and nothing herein shall preclude any party upon

reasonable notice to all parties from applying to this Court for any modification of this Order or moving the Court for an order changing the status of any designated information or otherwise relieving the Receiving Party from the restrictions contained in this Protective Order or from applying to the Court for further or additional protective orders. If such a motion is made, the party designating or seeking to restrict the use or distribution of any discovery material shall bear the burden of persuasion.

10. (a) Any documents containing designated information that are filed with the Court for any purpose, shall be filed [consistent with D.C.Colo.LCivR 7.2 and 7.3] in a sealed envelope or container marked on the outside with the title of the action and a statement substantially in the following form:

"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"
This envelope (or container) containing the above-identified papers filed by (name of party) is not to be opened nor the contents thereof displayed or revealed to other than Court personnel except by Court Order or by written agreement of the parties.

(b) This Order shall not in any way afford any party any objection to the offering or admission of designated information into evidence at the trial hereof. In the event a party intends to so use such designated information, it is contemplated that the parties will attempt to formulate for the Court's consideration a mechanism for the confidential treatment of the designated information at trial so that the trial can proceed in a fair and efficient manner.

(c) The additional time associated with such filing under seal shall be recoverable as costs pursuant to applicable statutes.

(d) When documents are to be filed under seal, they may be filed on the first business day after the due date for the pleading or other paper to which they serve as an exhibit or

6

attachment to an exhibit.

11. To the extent that the disclosure of confidential information is required in the course of depositions, the parties shall utilize the following procedure:

(a) the deponent will be required to sign an Undertaking concerning the information;

(b) any individuals not authorized under the terms of this Order to receive confidential information will be excluded from the room in which the deposition is conducted while confidential information is being discussed;

(c) the portions of the depositions that are designated by the parties as involving confidential information will be prepared separately by the reporter and submitted to the parties under seal in an envelope containing the notice set forth in paragraph 10 of this Order.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Proprietary Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order [until Termination of This Case]. The parties and any other person subject to the terms of this Order agree that this Court shall have and shall retain jurisdiction over it and them ~~during the pendency of this action and after this action is terminated for the purpose of enforcing this Order.~~ [until Termination of This Case.]

13. It is contemplated that the parties may disclose or produce records to each other in electronic form. Such records are potentially voluminous and expensive to review. Accordingly,

the parties stipulate and agree that they will treat any disclosure of attorney-client communications made as a part of such disclosures or production as inadvertent, without regard to the extent of any actual review or analysis of the electronic records before production. If electronic records produced or disclosed require access to software for meaningful use or interpretation, and such software is not readily commercially available at a reasonable cost, the producing party shall provide the receiving party the software or access to the software as necessary to use or interpret the data provided. Financial records need not be produced in electronic form, provided that the producing party provides reports of the data as requested by the receiving party, and such backup information and data as is reasonable and necessary under the circumstances.

14. The parties to this agreement may change its terms or effects by mutual agreements in writing as approved by the Court.

Signed this 26TH day of August, 2005:

BY THE COURT:

*[signature]*
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

APPROVED:

DAVIS GRAHAM & STUBBS, LLP

By: *s/ Jason Melichar*
    Jason Melichar, Esq.
    Tom McNamara, Esq.
    1550 17th Street, Suite 500
    Denver, Colorado 80202
    (303).892.9400

    Counsel for Defendant,
    North West Geomatics Ltd.

THOMAS F. QUINN, P.C.

By: *s/Thomas F. Quinn*
    Thomas F. Quinn, Esq.
    1600 Broadway, Suite 1675
    Denver, Colorado 80202
    (303) 832-4355

    Counsel for Plaintiff,
    Merrick & Company

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**
**(UNDERTAKING)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-00752-PSF-MJW

MERRICK & COMPANY, a Colorado corporation  )
                                            )
Plaintiff,                                  )
                                            )
          v.                                )
                                            )
NORTH WEST GEOMATICS LTD., a Canadian       )
Corporation,                                )
                                            )
Defendant.                                  )

**UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

STATE OF _____ )
                        )ss.
COUNTY OF _____ )

   I, _____, being first duly sworn, state that:

   1.  My address is _____
   _____.

   2.  My present employer is _____
   _____.

   3.  My present occupation or job description is _____
   _____.

   4. I have received a copy of the Stipulation and Protective Order: Re Confidentiality in the case of Merrick & Company v. North West Geomatics Ltd., Case No. 05-cv-00752-PSF-

10

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER
## (UNDERTAKING)

MJW in the United States District Court for the District Of Colorado.

5.  I have carefully read and understand the provisions of the Stipulation and Protective Order Re: Confidentiality. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Stipulation and Protective Order Re: Confidentiality any designated information or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto.

6.  I hereby consent to be subject to personal jurisdiction of the United States District Court for the District Of Colorado in respect to any proceeding relative to the enforcement of the Protective Order, including any proceedings relative to contempt of Court.

Sworn Under The Penalty of Perjury under the laws of the United States of America.

_____